```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

DEBORAH DUNLAP                                CIVIL ACTION

VERSUS                                        NO: 07-6045

ALLSTATE INSURANCE COMPANY                    SECTION: R(3)


### ORDER

Before the Court is plaintiff's unopposed motion for remand. Plaintiff sued defendant Allstate Insurance Company, her homeowner's insurer, in state court for breach of contract and improper claims adjustment in connection with damage to her house resulting from Hurricane Katrina. As is the case with many hurricane-related complaints filed in state court, plaintiff did not specify the amount in controversy in her state-court petition. Allstate removed this case, invoking this Court's diversity jurisdiction.

Plaintiff contends that the jurisdictional amount under 28 U.S.C. § 1332(a) does not exist and therefore this Court lacks

subject matter jurisdiction. Plaintiff has stipulated in a post-removal declaration that the amount in controversy does not exceed $75,000 and renounced her right to accept or enforce a judgment in excess of $75,000. The Court may consider an affidavit that clarifies the amount in controversy in an ambiguous petition to determine whether removal is proper. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Associacon Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia, S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041 (1994), *abrogated on other grounds, Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998). In addition to not pleading an amount in controversy, plaintiff did not allege facts from which it could be reasonably inferred that the amount in controversy exceeds $75,000, such as by seeking policy limits or claiming that the storm rendered her house a total loss. Therefore, it is appropriate for the Court to consider plaintiff's post-removal affidavit. Plaintiff's stipulation that the amount in controversy does not exceed $75,000 and her waiver of entitlement to any award in excess of $75,000 constitute "judicial confessions" that are binding on the plaintiff. *See Engstrom v. L-3 Commc'ns Gov't Servs., Inc.*, No. Civ. A. 04-2971, 2004 WL 2984329, at *4 (E.D. La. Dec. 23, 2004). Accordingly, the

Court finds that the jurisdictional amount is lacking in this case and therefore GRANTS plaintiff's motion to remand.

New Orleans, Louisiana, this __3rd__ day of June 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE